Mr. Justice Clayton
delivered the opinion of the court.
In November, 1837, Standifer obtained a judgment against Prewett, the execution upon which was returned to the April court, 1838, with an indorsement by the sheriff, that he had *497 made the amount, in the notes of the Pontotoc and Aberdeen Railroad and Banking Company.
No further steps appear to have been taken until October, 1844, when another execution issued. At the succeeding term, a motion was made to have satisfaction entered on this execution, which was overruled by the court, and the case thence comes up by writ of error.
It has been repeatedly decided by this court, that payment of an execution to a sheriff, in anything but constitutional currency, is no satisfaction thereof, except at the option, or by the consent of the plaintiff. But this consent may be implied, as well as express, and may be inferred from long acquiescence. Anketell v. Torrey et al. 7 S. & M. 467; Buchanan v. Tinnin et al. 2 How. S. C. R. 258.
In this case more than six years elapsed, from the time of the first return, to the issuance of the next execution. This delay is entirely unexplained. The bank notes received by the sheriff, if still in his hands, are barred by the statute of limitations, so that no recovery could probably be had upon them, against the bank. We must presume the plaintiff knew of the return, and he ought at once to have disclaimed the act, if he did not intend to be bound by it. He has no right to throw the loss, arising from his own negligence, upon the defendant. Had he acted promptly, his right to good money would have been presumed. But the delay in this cause, standing without excuse or explanation, justifies the conclusion, that he acquiesced in the act of the sheriff. There are circumstances which would satisfactorily explain the delay, and repel any presumption arising from it, but none such are shown in this case. Of this character would be a disavowal of the act, the insolvency of the defendant, and his subsequent solvency.
The law aids the vigilant, not the slothful, and if the plaintiff should sustain loss, it is chargeable to his own remissness.
The judgment will be reversed, and satisfaction of the execution directed to be entered.